860 P.2d 216

**Mary Lourdes GUTIERREZ, Petitioner–Appellee,**

v.

**Jon Francis GUTIERREZ, Respondent–Appellant.**

No. 13922.

Court of Appeals of New Mexico.

Aug. 25, 1993.

Mary Lourdes Gutierrez, pro se petitioner-appellee.

Kim Knowles and Mary Lou Carson, Indian Pueblo Legal Services, San Juan Pueblo, for respondent-appellant.

*OPINION*

HARTZ, Judge.

Jon Francis Gutierrez (Husband) is a Santa Clara Indian. Mary Lourdes Gutierrez (Wife) is a Cochiti Indian. Their children are enrolled members of Santa Clara Pueblo. Both parents and the children reside on the Santa Clara Pueblo. Husband and Wife were divorced in New Mexico state district court in 1990. Contending that the state court lacked jurisdiction, Husband filed an appeal from the final decree of dissolution, but he then dismissed his appeal voluntarily. Later, Wife filed a motion in state district court for an increase in child support payments. Husband moved to dismiss for lack of jurisdiction. The special master recommended denial of the motion and the district court affirmed the recommendation. Husband appeals the denial.

This appeal raises the intriguing issue of whether the state district court has jurisdiction over a divorce between Indians domiciled in Indian country. *See Tenorio v. Tenorio,* 44 N.M. 89, 98 P.2d 838 (1940); *Lonewolf v. Lonewolf,* 99 N.M. 300, 657 P.2d 627 (1982); *Fisher v. District Court,* 424 U.S. 382, 96 S.Ct. 943, 47 L.Ed.2d 106 (1976); *Williams v. Lee,* 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959); *Sanders v. Robinson,* 864 F.2d 630 (9th Cir.1988); *Whyte v. District Court,* 140 Colo. 334, 346 P.2d 1012 (1959) (en banc), *cert. denied,* 363 U.S. 829, 80 S.Ct. 1600, 4 L.Ed.2d 1624 (1960); *Fisher v. Fisher,* 104 Idaho 68, 656 P.2d 129 (1982); *Sheppard v. Sheppard,* 104 Idaho 1, 655 P.2d 895 (1982); *State ex rel. Stewart v. District Court,* 187 Mont. 209, 609 P.2d 290 (1980); *Byzewski v. Byzewski,* 429 N.W.2d 394 (N.D.1988); William C. Canby, Jr., *American Indian Law in a Nutshell* 161–63 (2d ed. 1988).

That issue must, however, await another day because we dismiss the appeal. The district court has yet to address the merits of Wife's claim for increased child support. Therefore, the district court's denial of the motion to dismiss is not a final order. *See Carrillo v. Rostro,* 114 N.M. 607, 845 P.2d 130 (1992); *Kelly Inn No.*

*102 v. Kapnison,* 113 N.M. 231, 824 P.2d 1033 (1992); *Hall v. Hall,* 115 N.M. 384, 851 P.2d 506 (Ct.App.1993); NMSA 1978, § 39–3–2 (Repl.Pamp.1991). Nor is an order denying a motion to dismiss for lack of jurisdiction appealable under the collateral order doctrine. *See Carrillo v. Rostro; Van Cauwenberghe v. Biard,* 486 U.S. 517, 521–27, 108 S.Ct. 1945, 1949–52, 100 L.Ed.2d 517 (1988); *Catlin v. United States,* 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945).

The appeal is dismissed.

**IT IS SO ORDERED.**

DONNELLY and BIVINS, JJ., concur.