2007-NMCA-044

159 P.3d 261

**Frederick KING, Plaintiff–Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant–Appellee.**

**No. 25,539.**

Court of Appeals of New Mexico.

Feb. 20, 2007.

Certiorari Denied, No. 30,283, April 9, 2007.

David J. Berardinelli, Santa Fe, NM, for Appellant.

Simone, Roberts & Weiss, P.A., Stephen M. Simone, David W. Frizzell, Albuquerque, NM, Steptoe & Johnson, LLP, Bennett Evan Cooper, Jon T. Neumann, Matthew Parry, Phoenix, AZ, for Appellee.

## OPINION

KENNEDY, Judge.

{1} Plaintiff lost a jury verdict on his Unfair Claims Practices Act (UCPA) action. He now appeals the district court's denial of his motion for a new trial based on its admission into evidence of a New Mexico Insurance Commission study on claims resolution, and defense counsel's heavy use in opening statements of what were asserted as Plaintiff's outrageous offers to settle. These statements by Defendant (Allstate) were almost immediately thereafter ruled inadmissible by the district court as lacking sufficient foundation. Plaintiff asserts that Allstate's behavior amounts to fraud upon the court sufficient to warrant overturning the verdict.

{2} Allstate moved for dismissal of Plaintiff's case before, during and after trial on the grounds that absent a determination of liability in the underlying settlement and proof that Allstate waived any rights or defenses in the course of settlement, Plaintiff's suit could not lie. The district court denied the motions based on the reservation of claims against Allstate in Plaintiff's release of Eloy Rael's estate. We hold that the absence of a judicial determination of fault is an absolute bar to liability under the Insurance Code, precluding Plaintiff's claim altogether, and we reverse the district court's denials of Allstate's motions to dismiss. Since this ruling is dispositive, we do not address Plaintiff's appeal.

{3} While Allstate's practices and the evidence to which Plaintiff objected are of questionable repute, and we agree that the use of the settlement offers at a time when their admissibility was undecided is somewhat questionable behavior in a litigation contest between counsel who were perhaps inclined to be aggressive and ham-fisted with each other, we need not decide these issues since the suit was barred under *Hovet v. Allstate Insurance Co.*, 2004–NMSC–010, 135 N.M. 397, 89 P.3d 69. Continuing on the subject of professionalism, we must also state that on appeal, we decline to consider facts argued by the parties (in this case, Plaintiff) that are not either in evidence or of record in a case. *See Rangel v. Save Mart Inc.*, 2006–NMCA–120, ¶ 36, 140 N.M. 395, 142 P.3d 983 (stating that "[t]his Court will not consider and counsel should not refer to matters not of record in their briefs" (internal quotation marks and citation omitted)).

## BACKGROUND

{4} Plaintiff was injured in 1996 when the truck in which he was a passenger was hit from behind by a car driven by Eloy Rael, and driven forward into the car in front of him. All three vehicles in the accident were insured by Allstate. Plaintiff filed suit in 1997 on his claims, joining Allstate as a party. Plaintiff filed an amended complaint in March 2000, in which Counts III through VI were directed against Allstate (for unfair claims handling practices, violation of the unfair claims practices act, civil conspiracy and a petition for injunctive relief, respectively).

{5} Plaintiff ultimately settled his claim in 2001, after Eloy Rael died, for about what he had offered to settle before litigation in 1996.

On July 11, 2001, Plaintiff executed a general release "of all claims and indemnity agreement" for payment of $19,500, discharging the estate of Eloy Rael (who had died during the course of litigation). The release reserved Plaintiff's claims against Allstate, stating:

[N]othing in this Release shall be construed as a release, nor is any such release hereby made or intended, of any claims which have been made or which could be made against the insurer for the Estate of Eloy Rael, Allstate Insurance Company, or which are presently stated in the Amended Complaint ... including but not limited to insurance bad faith or statutory violations or arising in any way out of Allstate's handling of the claims of Frederick King, ... the intent of this Release being to release the Estate of Eloy Rael only. No portion of the payment made hereunder is intended for or shall be construed as payment for any bad faith claims or statutory violations.

As a result of the settlement, Plaintiff dismissed the lawsuit as to Eloy Rael and his estate. It is the trial of the remaining claims against Allstate with which we are concerned in this appeal.

{6} In 2003, Allstate moved for dismissal of Plaintiff's third-party claims. The district court denied those motions on April 10, 2003. In May 2004, after our Supreme Court decided *Hovet*, Allstate again moved to dismiss Plaintiff's claims against it based on the new case. This motion was also denied. The district court found that because of the reservation of claims against Allstate in the release, Allstate was barred by waiver or estoppel from asserting its motion. At the end of Plaintiff's case, Allstate renewed its motion in the form of a motion for directed verdict, asserting that Plaintiff had not offered any evidence that Allstate had waived any rights or defenses at the time of the settlement. This motion was also denied, the district court stating that the matter had been resolved, and also that the jury should decide the issue of waiver. At the close of all evidence, Allstate renewed its motion; again it was denied.

{7} At the end of the trial, the jury's verdict was for Allstate, and Plaintiff moved for a new trial as noted above. Plaintiff now appeals from the denial of that motion by the district court. Allstate raised in its brief the denial of its motions to dismiss.

## DISCUSSION

{8} In this case, Plaintiff seeks a new trial on a third-party claim against a tortfeasor's insurer, Allstate. Allstate has responded, asserting the wrongful denial of its motions to dismiss. Before trial, Allstate moved for dismissal of Plaintiff's claims pursuant to *Hovet*. The district court denied its motions three times. Allstate did not immediately appeal the dismissal, as generally, the denial of a motion to dismiss is not an appealable, final order. *See Gutierrez v. Gutierrez*, 116 N.M. 86, 86, 860 P.2d 216, 216 (Ct.App.1993). The case was tried, and the trial jury returned a verdict for Allstate; a circumstance that in some instances might render the pretrial issue of dismissal moot. Here, however, if Allstate is correct that Plaintiff's claim is barred as a matter of law because Plaintiff's claim lacks an element of the cause of action, it is a question that, if answered in the negative, renders Plaintiff's request for a new trial entirely moot. This turning of the tables requires us to address Allstate's argument concerning the denial of its motion for a new trial before taking up Plaintiff's appeal.

{9} Rule 12–201(C) NMRA permits an appellee to "raise issues on appeal for the purpose of enabling the appellate court to affirm, or raise issues for determination only if the appellate court should reverse, in whole or in part, the judgment or order appealed from." Should we reverse the verdict in this case and remand for a new trial, further proceedings would be barred because of the operation of *Hovet's* holding that absent a judicial determination of fault or liability, and in the presence of a settlement, a third-party claim cannot be brought for bad faith failure to settle. *Hovet*, 2004–NMSC–010, ¶ 26, 135 N.M. 397, 89 P.3d 69. If the cause of action is barred by law, then a new trial is a moot point. *Gunaji v. Macias*, 2001–NMSC–028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (holding that "[a] case is moot when no actual controversy

exists . . . and the court cannot grant actual relief" (internal quotation marks and citation omitted)). We hold that Plaintiff's claims against Allstate are barred as a matter of law, and reverse the district court's denial of Allstate's motion. Even if Plaintiff's claims of error are correct, there is no justiciable claim upon which to have a new trial; Plaintiff's appeal is therefore moot.

■ {10} The question of whether a claim is barred by the operation of law is a question of law, which we review de novo. *State v. Roman*, 1998–NMCA–132, ¶ 8, 125 N.M. 688, 964 P.2d 852 ("Interpretation and application of the law are subject to a de novo review.").

### Reservation of Claim in Release Does Not Presume a Legally Valid Claim

{11} When Plaintiff settled his claims against the estate of Eloy Rael, he executed a release, as noted above. Plaintiff maintains that he was "induced" into settling his claim upon an honest belief that settling would not prejudice his rights to file a claim. He also argues that Allstate agreed to the reservation, and that he would be prejudiced if the agreement is not enforced. We have previously held that a reservation of claims in a release does not "establish . . . liability." *Wiard v. State Farm Mut. Auto. Ins. Co.*, 2002–NMCA–073, ¶ 11, 132 N.M. 470, 50 P.3d 565. In *Wiard*, a plaintiff sought coverage under his UIM policy for a personal loss of consortium claim resulting from the death of his daughters in an accident. *Id.* ¶¶ 2–3, 5. There, in the course of settling the wrongful death claim, the plaintiff included language in the release that "[t]his release does not bar any claims that [the plaintiff], individually, may have in the . . . described matter." *Id.* ¶ 11.

{12} Since the plaintiff had settled the wrongful death claims for an amount equal to his UIM coverage, as a matter of law, he was precluded from asserting a claim "arising from" the bodily injury that would result in his recovering any amount by way of his UIM policy in excess of what was recovered for the injury itself. *Id.* ¶ 17; *see also Gonzales v. Allstate Ins. Co.*, 122 N.M. 137, 143, 921 P.2d 944, 950 (1996). That *Gonzales*

constituted a legal bar to the plaintiff's asserting his loss of consortium claim was not affected by his reserving the claim in the release, which we held to be of "no legal import." *Wiard*, 2002–NMCA–073, ¶¶ 10–11, 132 N.M. 470, 50 P.3d 565. So it is here.

### *Hovet* Bars Plaintiff's Claim

■ {13} Allstate's motion to dismiss was timely filed pursuant to the district court's scheduling order, and all other similar motions were timely raised. The issue was adequately preserved for our review.

■ {14} Third-party suits against insurers are not allowed at common law, and are only permitted where insurance is required by statute or public policy, and absent a clear statutory indication to the contrary. *Cf. Raskob v. Sanchez*, 1998–NMSC–045, ¶ 3, 126 N.M. 394, 970 P.2d 580 (liability of insurer becomes absolute when injury or damage covered by the policy occurs). The fact that the Mandatory Financial Responsibility Act (MFRA), NMSA 1978, §§ 66–5–201 to—239 (1978, as amended through 2003), inures to the benefit of all New Mexicans and opened the door to making a recalcitrant insurance company a proper party to all lawsuits, *Raskob*, 1998–NMSC–045, ¶ 3, 126 N.M. 394, 970 P.2d 580, has never been without its limitations.

{15} The Court in *Raskob* pointed out that an insurer's duty to pay "arises after judgment against its insured." *Id.* ¶ 6. Allstate's liability to pay on behalf of its insured and the ability to sue Allstate by joining them as a party are two different things, and the holding in *Raskob* recognized this. *Id.* ¶ 6.

> [The insurance] contract, in so far as it covers public liability, is a mere agreement to pay a final judgment obtained against the assured. It creates a secondary liability. As it stands there, both the liability to pay and the liability to be sued are postponed until a final judgment for the tort shall have been obtained.

*Lopez v. Townsend*, 37 N.M. 574, 584, 25 P.2d 809, 814 (1933) (cited in *Raskob*, 1998–NMSC–045, ¶ 6, 126 N.M. 394, 970 P.2d 580).

{16} Without such a determination of liability giving rise to the obligation to pay, there is no cause of action. *Hovet,* 2004–NMSC–010, ¶ 26, 135 N.M. 397, 89 P.3d 69, could not be more clear:

> [T]he third-party claimant will not even have an action under [NMSA 1978, § ] 59A–16–20(E) [ (1997) ], unless and until there has been a judicial determination of the insured's fault and the amount of damages awarded in the underlying negligence action. This precludes any claims under Section 59A–16–20(E) if the parties settle. Those electing to settle their claims without a judicial determination of liability waive any claims under the Insurance Code for unfair settlement practices.

{17} Moreover, there is a big difference between a compromised settlement and a judicial determination of liability. Public policy favors settlement of cases. *Hovet v. Lujan,* 2003–NMCA–061, ¶ 12, 133 N.M. 611, 66 P.3d 980. As this Court also pointed out in *Lujan,* neither side has a duty to look out for the interests of the other. *Id.* ¶ 12. Settling a case does not necessarily involve establishment of liability that carries the weight of a judicial determination. *See, e.g., Bennett v. Kisluk,* 112 N.M. 221, 223, 814 P.2d 89, 91 (1991) (noting that presumption of finality of settlement "arises not from an express or implied admission of liability . . . but on the presumption that the parties intended a complete accord and satisfaction of their respective claims"). Here, Plaintiff compromised his claim against Rael, without a judicial determination of liability.

{18} Despite this language from our Supreme Court, Plaintiff maintains that by inserting language reserving his claim against Allstate in his release of Eloy Rael's estate when his underlying claim settled, he would not also give up rights to sue Allstate for his UCPA claims. For a third party claim against an insurer to state a claim, the plaintiff must state as a matter of fact that liability has been judicially determined. *See Hovet,* 2004–NMSC–010, ¶ 26, 135 N.M. 397, 89 P.3d 69. A release might preserve the right to make the claim, but the existence of elements required to be pled in the claim itself are beyond what a reservation in a release can provide—such reservation cannot create rights that do not otherwise exist. *Wiard,* 2002–NMCA–073, ¶ 11, 132 N.M. 470, 50 P.3d 565.

{19} Maintaining a third-party claim against an insurer for bad-faith failure to settle a claim requires an adjudication of liability against the insured tortfeasor. *See Raskob,* 1998–NMSC–045, ¶ 6, 126 N.M. 394, 970 P.2d 580; *Hovet,* 2004–NMSC–010, ¶ 26, 135 N.M. 397, 89 P.3d 69 ("A third-party claimant's statutory cause of action against the insurer for unfair settlement practices must await the conclusion of the underlying negligence action between the claimant and the insured."). Stated another way, preserving the ability to make a claim does not presume that the claim itself will pass legal muster. Plaintiff might have preserved the right to file a claim, but whether the claim itself is legally barred is another subject entirely. Thus, while nothing in the dealings between the parties prejudiced Plaintiff's right to file his claim, it is the claim itself that fails for lack of the precondition of a judicial determination of fault or liability.

{20} Even if Allstate had agreed to be sued, it is the law that confers existence of a cause of action, not an opposing party. The decision in *Hovet* engraved the idea into the law in no uncertain terms which are unable to be undone by either the district court or this Court.

{21} There is a presumption that "a new rule adopted by a judicial decision in a civil case will operate retroactively." *Beavers v. Johnson Controls World Servs., Inc.,* 118 N.M. 391, 398, 881 P.2d 1376, 1383 (1994). *Hovet* does not represent a new concept of law, but rather employs established precepts tying liability to the obligation to pay going back more than half a century. Those precepts were established in *Lopez,* when the Court announced that the liability of an insurance company to pay becomes final when tort liability is found. However, *Hovet,* upon its being decided by our Supreme Court, clarified *Lopez* and became the last word on the subject, and applied to this case when it was decided.

{22} Therefore, we hold that the district court erred as a matter of law in finding that the reservation of the claim in the 2001 release operated to legitimize the claim absent consideration of whether a cause of action existed by law under *Hovet.* Since the cause of action is barred by *Hovet,* and Plaintiff could neither plead nor prove that the mandatory precondition to a third-party suit under the Insurance Code existed, his claim was defective and should have been dismissed.

{23} We reverse the verdict of the district court, and remand for vacation of the verdict, having determined that the district court erred in denying Allstate's motions to dismiss. The lawsuit should have been dismissed for failure to state a cause of action. Plaintiff's appeal is moot.

{24} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID, and JAMES J. WECHSLER, Judges.