# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SUSAN CAROL STEINMETZ,**

Petitioner-Appellee,

v.                                                                            **NO. 29,034**

**BRYAN JAMES STEINMETZ,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

Susan Carol Steinmetz
Albuquerque, NM

Pro Se Appellee

Bryan James Steinmetz
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Bryan Steinmetz (Respondent) seeks to appeal from an order reopening the divorce proceedings, denying Respondent's motion to dismiss, denying Respondent's motion for custody of the children, and ordering the parties to comply with all prior

court orders, among other things. [DS 1; RPDM 91-93] We issued a notice of proposed summary disposition, proposing to dismiss the appeal on grounds that the order is not final. Respondent has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded that the matter is properly before us, we dismiss the appeal.

The right to appeal is generally restricted to final judgment and decisions. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). As we observed in the notice of proposed summary disposition, the order from which Respondent seeks to appeal cannot be regarded as a final order because it does not resolve all of the underlying issues to the fullest extent possible. *See B.L. Goldberg & Assocs., Inc. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985) ("For purposes of appeal, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible."). To the contrary, the order specifically provides that the district court shall address numerous pending issues. [RPDM 93] *See generally Thornton v. Gamble*, 101 N.M. 764, 767-68, 688 P.2d 1268, 1271-72 (Ct. App. 1984) (holding that a judgment in a divorce proceeding did not constitute a final, appealable order where "[t]he judgment specifically contemplate[d] the entry of a further order"). Because so many critical issues remain

2

outstanding, the doctrine of practical finality is inapplicable; under the circumstances, it would be both inappropriate and imprudent for the Court to hear an appeal at this juncture. *See generally Kellewood v. BHP Minerals Int'l*, 116 N.M. 678, 681, 866 P.2d 406, 409 (Ct. App. 1993) ("It is well-established policy that piecemeal appeals are disfavored and that fragmentation in the adjudication of related legal or factual issues is to be avoided." (citations omitted)).

Throughout his memorandum in opposition, Respondent appears to take the position that the district court's order is final and appealable because it denies his motion to dismiss. [MIO 2, 5] However, as we previously observed, orders denying motions to dismiss are not final orders. *See King v. Allstate Ins. Co.*, 2007-NMCA-044, ¶ 8, 141 N.M. 612, 159 P.3d 261 (observing that the denial of a motion to dismiss is not a final, appealable order); *Gutierrez v. Gutierrez*, 116 N.M. 86, 86-87, 860 P.2d 216, 216-17 (Ct. App. 1993) (providing that an order denying a motion to dismiss for lack of jurisdiction is not a final, appealable order).

We have reviewed the argument and the authorities cited in Respondent's memorandum in opposition, but we find nothing which could be said to address the finality problem which is so clearly presented in this case. To the contrary, the vast majority of the memorandum in opposition is devoted to alternative issues. [MIO 3-11] Because we remain unpersuaded that the underlying order is final and appealable,

none of these alternative issues are properly before us.

For the reasons stated herein and in our notice of proposed summary disposition, the appeal is dismissed.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**