**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ALLSTATE INSURANCE COMPANY,**
**a foreign corporation,**

    Plaintiff-Appellee,

v.                               **NO. 27,533**

**BERTHA DARLEY,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Simone, Roberts & Weiss, P.A.
Stephen M. Simone
Meena H. Allen
Albuquerque, NM

for Appellee

Hubert & Hernandez, P.A.
Beverly J. Singleman
Las Cruces, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Defendant is appealing from a district court order granting summary judgment in favor of Plaintiff Allstate Insurance Company on its complaint for declaratory relief. The issue is whether Defendant may recover underinsured motorist (UM)

benefits under the provisions of the controlling automobile insurance contract. For our analysis on appeal, we assume that the tragic facts underlying Defendant's claim would satisfy the elements of the tort of negligent infliction of emotional distress (NIED). We agree with the district court that UM coverage was not available under the terms of the insurance contract and that summary judgment was properly granted.

**STANDARD OF REVIEW**

Although Defendant disagrees with some of the factual descriptions contained in the answer brief, as discussed below, the facts material to the dispositive issue in this case are not in dispute. We therefore review whether the district court properly applied the law to the undisputed facts. *Wiard v. State Farm Mut. Auto. Ins. Co.*, 2002-NMCA-073, ¶ 6, 132 N.M. 470, 50 P.3d 565.

**DISCUSSION**

Defendant contends that she is entitled to UM benefits under the plain language of the insurance contract at issue in this case. *See Rummel v. Lexington Ins. Co.*, 1997-NMSC-041, ¶¶ 18-20, 123 N.M. 752, 945 P.2d 970 (observing that insurance policies are interpreted by the same general principles governing contract interpretation, with the plain language serving as the starting point). Alternatively, Defendant claims that the contract is ambiguous and that this ambiguity should be

resolved in favor of UM coverage. *See Loya v. State Farm Mut. Ins. Co.*, 119 N.M. 1, 5, 888 P.2d 447, 451 (1994) (resolving language ambiguities affecting coverage in favor of the reasonable expectations of the insured).

Here, Defendant's sister was driving a separate vehicle at the time of her fatal accident, and Defendant was driving behind her in a vehicle owned by Defendant's mother-in-law and insured by Allstate. The Allstate insurance policy covering the mother-in-law's vehicle is the only policy at issue in this case. The relevant portions of that policy are as follows:

**Part 5**
**Uninsured Motorists Insurance Coverage SS**

**Section I**
**Bodily Injury Caused by Uninsured Motorists**
**We** will pay damages that an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of **bodily injury** sustained by an insured person. The **bodily injury** must be caused by accident and arise out of the ownership, maintenance, or use of an uninsured auto.

. . . .

**Limits of Liability**
The coverage limit shown on the Policy Declarations for:

1.    "each person" is the maximum that **we** will pay for damages arising out of **bodily injury** to one person in any one **motor vehicle** accident, including all damages sustained by anyone else as a result of that **bodily injury**.

3

2. "each accident" is the maximum **we** will pay for damages arising out of all **bodily injury** in any one **motor vehicle** accident.

. . . .

**Section III**
**Coverage SS Common Provisions**

**Definitions**

. . . .

2. "**Bodily Injury**" - means bodily injury, sickness, disease or death.

Before we address Defendant's arguments for interpreting these provisions in favor of UM coverage for her alleged NIED injuries, we first consider cases discussing similar claims. In *Gonzales v. Allstate Insurance Co.*, 122 N.M. 137, 140, 921 P.2d 944, 947 (1996), our Supreme Court reviewed a "bodily injury" definition contained in an Allstate policy that was identical to the definition in the Allstate policy at issue here. The Court concluded that the language in the coverage section referring to "bodily injury, sickness, disease or death" unambiguously limited coverage to injuries to the physical body and did not include mental and emotional injuries. *Id.* (internal quotation marks omitted).

In *Economy Preferred Insurance Co. v. Jia*, 2004-NMCA-076, ¶¶ 2-3, 135 N.M. 706, 92 P.3d 1280, the defendant sought NIED damages on behalf of his son,

who witnessed his mother's injuries resulting from a fatal accident. The mother's estate received the maximum UM coverage under the "each person" limit of the policy, and the issue was whether the son's injuries constituted a separate claim for purposes of increasing the amount of UM coverage under the "each accident" provision. *Id.* This Court concluded that the policy in that case unambiguously limited additional coverage to claims based on "bodily injury." *Id.* ¶ 7 (internal quotation marks omitted). The definition of bodily injury was substantially similar to that in *Gonzales*, which itself was identical to the Allstate policy language at issue here, and we reiterated that this definition unambiguously excludes emotional injury as a matter of law. *Jia*, 2004-NMCA-076, ¶ 8. Having dispatched any attempt to expand the definition of bodily injury to include emotional injury, *Jia* addressed the issue of whether NIED might be accompanied by physical manifestations that would constitute bodily injury, an issue that does not appear in the present case. *Id.* ¶¶ 8-9; *accord Hart v. State Farm Mut. Auto. Ins. Co.*, 2008-NMCA-132, ¶¶ 8-9, 145 N.M. 18, 193 P.3d 565, *cert. denied*, 2008-NMCERT-008, 145 N.M. 254, 195 P.3d 1266.

Given the unequivocal holdings of *Gonzales* and *Jia* that bodily injury means physical injury, Defendant here must look to additional, specific language in her policy that would provide for broader coverage. *See Wiard*, 2002-NMCA-073, ¶ 9

("Without specific policy language to the contrary, bodily injury does not include emotional injuries such as loss of consortium[.]"). Defendant contends that this additional language is found in the limits of liability section, which states that the "each person" limitation is the maximum to be paid for "bodily injury to one person in any one motor vehicle accident, including all damages *sustained by anyone else as a result of that bodily injury.*" Defendant claims that this language unambiguously means that she can recover damages because they resulted from her sister's bodily injury. However, this interpretation ignores the fact that the limitation of liability section by definition limits Allstate's liability to Defendant for any covered claim. As set forth above, the policy expressly provides UM coverage only for "**bodily injury** sustained by an *insured* person." (Emphasis added.) There is no dispute in this case that Defendant's sister was not an "insured person" as defined by the policy. Therefore, the policy expressly prohibits Defendant from predicating her coverage on her sister's bodily injury.

Consistent with our conclusion that the plain language of the policy does not permit coverage, it necessarily follows that we are not persuaded by Defendant's argument that the policy is sufficiently ambiguous to interpret it in favor of coverage. Defendant makes two claims of ambiguity. First, Defendant again refers us to the

following language under Section I of Part 5, providing for UM coverage: "**We** will pay damages that an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of **bodily injury** sustained by an insured person." Defendant claims that this language could be read to limit coverage to claims for bodily injury, *or* "it could also be read to mean that a bystander could recover for NIED if another insured suffers bodily injury." However, as we stated above, this provision unambiguously prohibits Defendant from basing her claim for coverage on the bodily injury sustained by her sister because her sister was not "an insured person."

Defendant's second claim of ambiguity again refers us to the limits of liability section, which states that the "each person" limitation is the maximum to be paid for "**bodily injury** to one person in any one **motor vehicle** accident, including all damages sustained by anyone else as a result of that **bodily injury**." Defendant claims that this language is ambiguous, because "all damages" suffered "as a result of that bodily injury" might mean that coverage is available as long as someone has suffered a bodily injury. For the reasons set forth above in our analysis of the policy's plain meaning, we conclude that there is no ambiguity when this language defining the limits of coverage is read together with the section defining the prerequisites to

coverage in the first place. In short, there must be a bodily injury suffered by a person defined as insured under the policy in order for there to be coverage.

We are also unpersuaded by Defendant's argument that our analysis in *Jia* permits recovery in this case. Defendant states that "[t]he claimant in *Jia* did not lose because he sought emotional rather than bodily injury damages as argued by Allstate below, but rather due to the fact that the policy limits under the policy available in that case had been exhausted." Defendant maintains that her NIED is compensable because there is money available under the "each person" limit of the policy. Defendant is relying on a factual distinction in *Jia* that is not relevant to the dispositive legal holding to be applied from that case. In *Jia*, unlike the present case, both mother and son were insured persons under the policy, and the mother's bodily injury triggered the availability of UM coverage. 2004-NMCA-076, ¶ 3. Because her estate had received the maximum amount under the "each person" limit, the son's NIED claim could not be based on her injuries but had to come from a separate, compensable injury under the larger amount of coverage available under the "each accident" limit. *Id.* The son was not entitled to this additional coverage because he was not able to establish that he suffered the requisite independent bodily injury. *Id.* ¶ 10.

As we have stated, it is undisputed that Defendant is the only insured person seeking UM benefits, and she must therefore meet the "bodily injury" definition in her own right. This places her in the same legal position as the son in *Jia*, who also had to establish an independent bodily injury to increase the availability of damages. Because Defendant has not established that she suffered an independent bodily injury as defined by *Gonzales* and *Jia*, she was not entitled to UM damages.

**CONCLUSION**

For the reasons set forth in this opinion, we affirm the district court.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL E. VIGIL, Judge**