IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

JOSEPH C. PERRY,

Plaintiff-Appellant,

v.                                                          NO. 28,982

THE GEO GROUP, INC., LEA COUNTY
CORRECTIONAL FACILITY, STIU
COORDINATOR E. SANDOVAL, MAJOR
VINCENT HORTON, SANDRA MILLER,
and JOSIE ENRIQUEZ,

Defendants-Appellees.

APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Gary L. Clingman, District Judge

Joseph C. Perry
Santa Fe, NM

Pro Se Appellant

Yenson, Lynn, Allen & Wosick, P.C.
Matthew L. Connelly
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Plaintiff appeals an order granting Defendants' motion to dismiss entered on

July 10, 2008, and a second order denying Defendants' motion to dismiss entered on July 22, 2008. [DS unnumbered page 1; RP 351, 362] We proposed to dismiss for lack of a final order and, in the alternative, because Plaintiff failed to file a timely notice of appeal. Plaintiff filed a "memorandum motion" contending that the order denying his motion to dismiss is the controlling order. [Memorandum 1-2] We agree with Plaintiff's contention and therefore dismiss the appeal for lack of a final order.

As stated in our notice of proposed summary dismissal, the right to appeal is restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992), *limited on other grounds by Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 398, 851 P.2d 1064, 1065(1993). Whether an order is final for purposes of appeal is a jurisdictional question that this Court is required to raise on its own motion. *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844.

A final order is commonly defined as an order that decides all issues of fact and law necessary to be determined or which completely disposes of the case to the extent that the court had the power to dispose of it. *See B.L. Goldberg & Assocs., Inc. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985). In this case, the district court's most recent order denied Defendants' motion to dismiss. [RP 362] This is the order that controls. *See Nichols v. Nichols*, 98 N.M. 322, 326-27, 648 P.2d 780, 784-

2

85 (1982) (recognizing the "rule that when there are two conflicting judgments rendered by a court upon the same rights of the same parties that which is later in time prevails"); *cf.* NMSA 1978, § 39-1-1 (1917) (stating that the district court retains control over final judgments for a period of thirty days after entry of the order).

Generally, an order denying a "motion to dismiss is not an appealable, final order." *King v. Allstate Ins. Co.*, 2007-NMCA-044, ¶ 8, 141 N.M. 612, 159 P.3d 261; *see Gutierrez v. Gutierrez*, 116 N.M. 86, 86, 860 P.2d 216, 216 (Ct. App. 1993). In light of the fact that the district court's most recent order denies Defendants' motion to dismiss, Plaintiff is appealing from a non-final order and thus we dismiss Plaintiff's appeal because the order is not final for the purposes of appeal.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Judge**
**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**LINDA M. VANZI, Judge**