This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JP MORGAN CHASE BANK,**
**NATIONAL ASSOCIATION,**

Plaintiff-Appellee,

v.                                                            **NO. 33,947**

**ROBERT KANE and MARY JANE OREF,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sheri Raphaelson, District Judge**

Little, Bradley & Nesbitt, P.A.
Sandra A. Brown
Albuquerque, NM

for Appellee

Robert Kane
Mary Jane Oref

Pro Se Appellants

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Defendants seek to appeal from an order denying their motions to dismiss. We previously issued a notice of proposed summary disposition, proposing to dismiss the appeal on grounds that the district court's order is not final. Defendants have filed a memorandum in opposition and motion to amend the docketing statement, and Plaintiff has filed a response, which we have duly considered.  Because we remain unpersuaded that this matter is properly before us, we dismiss the appeal.

{2}     As we observed in the notice of proposed summary disposition, the right to appeal is generally restricted to final judgments and decisions.  *See* NMSA 1978, § 39-3-2 (1966). The order denying Defendants' motion to dismiss is not a final order. *See King v. Allstate Ins. Co.*, 2007-NMCA-044, ¶ 8, 141 N.M. 612, 159 P.3d 261 (observing that the denial of a motion to dismiss is not a final, appealable order); *Baca v. Atchison, Topeka & Santa Fe Ry.*, 1996-NMCA-054, ¶ 7, 121 N.M. 734, 918 P.2d 13 ("[I]f a district court denies a motion to dismiss a complaint for lack of subject matter jurisdiction or a motion to dismiss a party for lack of jurisdiction over the person, we have not recognized a right to appeal the denial. The movant can challenge the denial of the motion only on appeal after final judgment has been entered, unless an appellate court exercises its discretion to review the matter on interlocutory appeal, or in a writ proceeding[.]" (citation omitted)); *Gutierrez v. Gutierrez*, 1993-NMCA-103, ¶ 3, 116 N.M. 86, 860 P.2d 216 (dismissing an appeal from an

2

order denying a motion to dismiss for lack of jurisdiction on grounds that such an order is not final and appealable as a matter of right).

**{3}** In their memorandum in opposition and motion to amend, Defendants appear to concede that no final order has been entered. [Am.DS 4] They now suggest that the matter should proceed on the merits as an interlocutory appeal. [Am.DS 2] However, the order does not contain the requisite certification. [RP 247] *See generally* Rule 12-203 NMRA (outlining the procedure for interlocutory appeals); NMSA 1978, § 39-3-4(A)-(B) (1999) (providing that an appellate court may assume jurisdiction over a non-final interlocutory order only if the district court certifies that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order or decision may materially advance the ultimate termination of the litigation"). Absent such certification, the matter is not properly before us on interlocutory appeal. *See, e.g., State v. Garcia*, 1983-NMCA-017, ¶ 28, 99 N.M. 466, 659 P.2d 918 (observing that an appeal "must be dismissed for non-compliance with the procedural requirements of law" where the trial court has failed to certify that the appeal involves a controlling question of law).

**{4}** The vast majority of Defendants' memorandum in opposition and motion to amend is devoted to the merits of their challenge to the district court's jurisdiction. However, insofar as this Court lacks jurisdiction over the instant appeal, we cannot consider the merits.

**{5}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we conclude that the district court's order is not immediately reviewable. The appeal is therefore summarily dismissed.

**{6}** **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**MICHAEL E. VIGIL, Judge**