This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**REFUGIA PALACIOS,**

**Plaintiff-Appellee,**

**v.**                                                                                  **No. 34,967**

**JOSE LUIS PALACIOS,**

**Defendant-Appellant,**

**and**

**LINDAS INVERSIONES, INC., PEDRO PALACIOS, WILLIAM MARTINEZ d/b/a ROADRUNNER CONSTRUCTION, and LSF8 MASTER PARTICIPATION TRUST,**

**Defendants.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Darren M. Kugler, District Judge**

Samuel I. Kane
Las Cruces, NM

for Appellee

Luis Palacios
Council Bluffs, IA

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Appellant, Jose Luis Palacios, appeals from the district court's order (1) denying his motion for entry of special appearance pro se to contest jurisdiction, which sought dismissal for lack of jurisdiction; and (2) requiring Appellant to file an answer. This Court issued a calendar notice proposing to dismiss Appellant's appeal for lack of a final order. Specifically, we noted that the district court's denial of Appellant's motion was equivalent to the denial of a motion to dismiss, and our case law clearly establishes that the denial of a motion to dismiss is not a final, appealable order. *See King v. Allstate Ins. Co.*, 2007-NMCA-044, ¶ 8, 141 N.M. 612, 159 P.3d 261 (observing that the denial of a motion to dismiss is not a final, appealable order); *Baca v. Atchison, Topeka & Santa Fe Ry.*, 1996-NMCA-054, ¶ 7, 121 N.M. 734, 918 P.2d 13 ("[I]f a district court denies a motion to dismiss a complaint for lack of subject matter jurisdiction or a motion to dismiss a party for lack of jurisdiction over the person, we have not recognized a right to appeal the denial. The movant can challenge the denial of the motion only on appeal after final judgment has been entered, unless an appellate court exercises its discretion to review the matter on interlocutory appeal, or in a writ proceeding[.]" (citation omitted)); *Gutierrez v. Gutierrez*, 1993-NMCA-

103, ¶ 3, 116 N.M. 86, 860 P.2d 216 (dismissing an appeal from an order denying a motion to dismiss for lack of jurisdiction on grounds that such an order is not final and appealable as a matter of right).

{2}    In response, Appellant asserts that the district court's order practically disposes of the merits of the action as to Appellant and affects his substantial rights. [MIO unpaginated 1] Appellant directs this Court to an allegedly related case decided by the district court that Appellant claims affected his rights of ownership in a home. Appellant asserts that by requiring him to answer the complaint, this Court will require him to waive his challenge to personal jurisdiction and that we will be acquiescing in the district court's decision to deprive Appellant of his house. [MIO unpaginated 2-3]

{3}    While this Court understands Appellant's desire to have this issue reviewed immediately, this Court has no authority to act—even with respect to a ruling that personal jurisdiction exists—where no final order has been entered and no interlocutory appeal has been certified by the district court. *See, e.g.*, *Curry v. Great N.W. Ins. Co.*, 2014-NMCA-031, ¶ 7, 320 P.3d 482 (appealing a district court's denial of a motion to dismiss for lack of personal jurisdiction to this Court via an application for interlocutory appeal); *Alto Eldorado P'ship v. Amrep Corp.*, 2005-NMCA-131, ¶ 2, 138 N.M. 607, 124 P.3d 585.

{4}     For these reasons, we must dismiss.

{5}     **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**STEPHEN G. FRENCH, Judge**