This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ELISA SANCHEZ**,

Plaintiff-Appellant,

v.                                                                          **No. 35,300**

**NICHOLAS TORRES** and
**YOUNG AMERICA INSURANCE COMPANY**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Chavez Law Offices
Gene N. Chavez
Albuquerque, NM

for Appellant

O'Brien & Padilla PC
Richard M. Padilla
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**VIGIL, Chief Judge.**

{1}     Plaintiff appeals from the district court's order of dismissal with prejudice, and the district court's subsequent denial of her motion to reconsider. This Court issued a calendar notice proposing to summarily dismiss Plaintiff's appeal on the basis of mootness, and in the alternative, we proposed summary affirmance. Plaintiff filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we dismiss.

{2}     Plaintiff raises a single issue on appeal, essentially contending that the district court erred in entering an order of dismissal with prejudice instead of entering judgment against Defendant Nicholas Torres (Torres) following his acceptance of Plaintiff's offer of settlement, made pursuant to Rule 1-068 NMRA. [DS 3-5; MIO 1]

{3}     In our calendar notice, we expressed our view that, in light of the fact that Defendant Torres tendered the agreed-upon settlement of $14,500.17 to Plaintiff prior to the entry of judgment, the issue on appeal appeared to be based solely upon the form of judgment entered by the district court. [CN 2] That is, Plaintiff contends that the district court should have entered judgment against Torres, instead of entering a dismissal with prejudice. [CN 2; MIO 1] However, because it did not appear that the order of dismissal had any effect on the amount of money Plaintiff received in settlement of this case, we suggested that we failed to see how Plaintiff was aggrieved by the form of judgment. Therefore, we suggested that this appeal is moot, as it

appears that Plaintiff can obtain no actual relief on appeal. [CN 2] *See Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (stating that an appeal is moot when no actual controversy exists and an appellate ruling will not grant any relief); *see also State v. Ordunez*, 2012-NMSC-024, ¶ 22, 283 P.3d 282 ("It is not within the province of an appellate court to decide abstract, hypothetical or moot questions in cases wherein no actual relief can be afforded." (alteration, internal quotation marks, and citation omitted)).

{4}     In her memorandum in opposition, Plaintiff contends that her appeal is not moot because the form of judgment is "crucial" to her claim against Defendant Young America Insurance Company for unfair practices, pursuant to *Hovet v. Allstate Insurance Co.*, 2004-NMSC-010, 135 N.M. 397, 89 P.3d 69. [MIO 1] We are not convinced, however, that the form of judgment has bearing on Plaintiff's *Hovet* claim such that she is aggrieved in this case by the district court's decision to enter a dismissal with prejudice instead of entering judgment against Torres.

{5}     In *Hovet*, our Supreme Court stated that "[t]hose electing to settle their claims without a judicial determination of liability waive any claims under the Insurance Code for unfair settlement practices." *Hovet*, 2004-NMSC-010, ¶ 26. In *King v. Allstate Ins. Co.*, 2007-NMCA-044, ¶ 17, 141 N.M. 612, 159 P.3d 261, this Court

2

recognized "there is a big difference between a compromised settlement and a judicial determination of liability" and that "[s]ettling a case does not necessarily involve establishment of liability that carries the weight of a judicial determination."

{6}     Aside from the citation to *Hovet* and her bare contention that an entry of judgment "is an admission of liability" [MIO 1, 3], Plaintiff's memorandum in opposition provides us with no authority to support her position that a judgment entered against a party pursuant to a Rule 1-068 offer of settlement is—without more—akin to a judicial determination of liability or otherwise satisfies the requirements for a *Hovet* claim. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Thus, we remain unconvinced that Plaintiff is aggrieved by the form of judgment entered in this case. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{7}     Therefore, for the reasons stated in this Opinion, as well as those provided in our calendar notice, we dismiss.

{8}     **IT IS SO ORDERED.**

3

_____

**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**STEPHEN G. FRENCH, Judge**

4