This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ESMERALDA ACOSTA,**

   Worker-Appellant,

v.                                                     **NO. A-1-CA-36869**

**DELL & ASSOCIATES NURSING**
**SERVICE and FOOD INDUSTRY**
**SELF INSURANCE FUND OF**
**NEW MEXICO,**

   Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Reg. C. Woodard, Workers' Compensation Judge**

Esmeralda Acosta
Albuquerque, NM

Pro Se Appellant

Kelly A. Genova
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Worker Esmeralda Acosta has appealed from a compensation order largely denying her claims. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Worker has filed a memorandum in opposition. After due consideration, we remain unpersuaded by Worker's assertions of error. We therefore affirm.

{2}     As we previously observed, the record before us reflects that the Workers' Compensation Judge (WCJ) determined that Worker is not entitled to further benefits as a consequence of her failure to prove that the workplace accident caused a permanent disability, resulting in an impairment rating. [RP 69-71] The WCJ's determination was based upon the testimony of Dr. Saiz, which the WCJ found to be more compelling than the conflicting evidence presented by Worker. [RP 65-68] "We give deference to a WCJ's findings in regard to conflicting evidence of causation." *Villa v. City of Las Cruces*, 2010-NMCA-099, ¶ 29, 148 N.M. 668, 241 P.3d 1108. In her memorandum in opposition Worker does not dispute the sufficiency of the evidence, principally Dr. Saiz's assessment, to support the findings and conclusions. [MIO 1-2] We therefore uphold the decision. *See generally Wilson v. Yellow Freight Sys.*, 1992-NMCA-093, ¶ 22, 114 N.M. 407, 839 P.2d 151 (observing that "where the evidence bearing upon the issue of causation is conflicting, the fact that there was

evidence which, if accepted by the fact[-]finder, would have permitted it to reach a different result does not constitute a basis for reversal").

{3}    We understand Worker to contend that she had additional evidence, including check stubs and medical paperwork, which could have been presented in support of her claims. [MIO 1-2] However, the scope of review on appeal is limited to the material contained in the record. *See King v. Allstate Ins. Co.*, 2007-NMCA-044, ¶ 3, 141 N.M. 612, 159 P.3d 261 ("[O]n appeal, we decline to consider facts argued by the parties . . . that are not either in evidence or of record in a case."). As a result, we cannot consider this further. *See generally Largo v. Atchison, Topeka & Santa Fe Ry. Co.*, 2002-NMCA-021, ¶ 33, 131 N.M. 621, 41 P.3d 347 ("Matters not of record are not considered on appeal.").

{4}    Finally, Worker renews her attack upon the quality of representation that she received. [MIO 1-2] However, as we previously observed, Worker's dissatisfaction with the strategy employed and the result obtained by her attorney supplies no basis for relief on appeal. *See State v. Apodaca*, 1967-NMSC-218, ¶ 5, 78 N.M. 412, 432 P.2d 256.

{5}    Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{6}    **IT IS SO ORDERED.**

 

                                **J. MILES HANISEE, Judge**

**WE CONCUR:**

**MICHAEL E. VIGIL, Judge**

**JENNIFER L. ATTREP, Judge**