IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellant,

v.                                          **NO. 29,320**

LEWIS H. JOHNSON,

    Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY
Teddy L. Hartley, District Judge

Gary K. King, Attorney General
Margaret McLean
Santa Fe, NM

for Appellant

Eric D. Dixon
Portales, NM

for Appellee

## MEMORANDUM OPINION

**KENNEDY, Judge.**

The State appeals the dismissal of charges filed against Defendant for violation of Defendant's speedy trial rights. We proposed to dismiss the appeal based on the untimely filing of a notice of appeal by the State. We have received responses from the State and from Defendant. We have considered the State's arguments in

opposition to proposed dismissal, but we are not persuaded by them.   We therefore dismiss the appeal.

The relevant events occurred as follows: (1) December 5, the district court issued a letter decision dismissing the case against Defendant for violation of Defendant's right to speedy trial; (2) December 16, the State filed a motion for reconsideration and requested a hearing on the motion; (3) December 23, the district court entered a written order dismissing the case with prejudice; (4) January 28, the district court issued a letter decision in which it found no reason to have a  hearing on the State's motion and stated that it would not rehear the matter; (5) February 16, the district court filed a written order denying the State's motion; (6) March 2, the State filed a notice of appeal.  As shown by the time line of events, the State filed a motion for reconsideration after a letter decision was entered, but one week before the district court entered its written order dismissing the case.  Later, after reviewing "upcoming calendar settings," the district court discovered that the case was set for a hearing on a motion to reconsider dismissal of the case.  [RP 112]  The district court stated that there was no reason to have a hearing, its decision would stand, and it would not rehear the matter.  [Id.]

As discussed in our calendar notice, even though there was no "formal expression" by the district court on the State's motion, the State's motion was filed

with the district court, and the district court entered a written order dismissing the case a full week after the State's motion was filed. The entry of the dismissal order after the district court had received the State's motion was an implied denial of the State's motion. *See State v. Herrera*, 2001-NMCA-073, ¶ 30, 131 N.M. 22, 33 P.3d 22 (relying on *Stinson v. Berry*, 1997-NMCA-076, ¶ 8, 123 N.M. 482, 943 P.2d 129, which stated, "Where there has been no formal expression concerning a motion, a ruling can be implied by entry of final judgment or by entry of an order inconsistent with the granting of the relief sought.").

The district court's order dismissing the case with prejudice and impliedly denying the State's motion for reconsideration was filed on December 23, 2008. The State's notice of appeal was not filed until March 2, 2009, well outside the time limit under Rule 12-201(A)(1) NMRA. In addition, as discussed in our calendar notice, the district court retained jurisdiction over the case for thirty days from the date that the final order was filed, in this case, until January 22, 2009. *See* NMSA 1978, § 39-1-1 (1953). The written order denying the State's motion was not filed until February 19, 2009, which was well after the thirty-day time period and well after the district court had lost jurisdiction over the case.

The State argues that the setting of a hearing on its motion, the letter decision, and the order denying the motion indicated to the State that the December 23 order

"was not a final order for purposes of appeal." [MIO 7] The State claims that it was reasonable to infer that the December 23 order "was still being reviewed and not final." [MIO 6] First, we note that the documents pertaining to the setting of a hearing were not signed by the district judge. In fact, based on the letter decision filed on January 28, the district court was not aware that a hearing was set until it was reviewing "upcoming calendar settings" and noticed that a hearing had been set. In that letter decision, the district court noted that there was no reason to proceed with the scheduled hearing as it was not going to rehear the matter. In addition, we disagree with the State's claim that it was reasonable to believe that the order of dismissal was still being reviewed by the district court and was therefore not final for purposes of appeal. Having filed a motion to reconsider dismissal of the case with the district judge and then having received an order of dismissal filed one week after the motion was filed, the reasonable inference would be that the order of dismissal acted to deny the motion and the motion would not be addressed further. *See State v. Herrera*, 2002-NMCA-073, ¶ 30, 131 N.M. 22, 33 P.3d 22; *Stinson v. Berry*, 1997-NMCA-076, ¶ 8.

The State failed to timely appeal from the December 23 order. For the reasons discussed above and in our calendar notice, we dismiss the State's appeal.

**IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**