FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

NANCY LEWIS,

        Plaintiff-Appellant,

v.

CENTER MARKET; LINDA
TRUJILLO and IVAN GUILLEN,
et al., of the NORTH CENTRAL
NEW MEXICO REGIONAL
TRANSIT DISTRICT; ESPANOLA
POLICE OFFICERS MARTIN
VIGIL and MIGUEL MAEZ; CITY
OF ESPANOLA; NORTH
CENTRAL NEW MEXICO
REGIONAL TRANSIT DISTRICT;
ECCO COFFEE SHOP; JOY
JUNCTION HOMELESS SHELTER;
CITY OF ALBUQUERQUE,

        Defendants-Appellees.

No. 09-2275
(D.C. Nos. 6:09-CV-00306-JB-RHS,
6:09-CV-00700-JB-RHS,
6:09-CV-00701-JB-RHS,
6:09-CV-00702-JB-RHS)
(D. N.M.)

_____

NANCY LEWIS,

        Plaintiff-Appellant,

v.

BURGER KING,

        Defendant-Appellee.

No. 09-2278
(D.C. No. 6:09-CV-00962-LH-RHS)
(D. N.M.)

_____

NANCY LEWIS,

        Plaintiff-Appellant,

v.

JOSE GRIEGO; ANTHONY SENA;
LORI FRANKLIN,

        Defendants-Appellees.
_____

NANCY LEWIS,

        Plaintiff-Appellant,

v.

RANDY SCOTT; CAROLYN
INGRAM; LOUISE B. SCHAFFER;
ANTOINETTE CORDOVA; SUSAN
SUAZO-MARTINEZ; COLLEEN
MARTINEZ; KIMBERLY
MARTINEZ,

        Defendants-Appellees.
_____

NANCY LEWIS,

        Plaintiff-Appellant,

v.

IGNACIO MAESTAS; CARMELLA
J. CHAVEZ-VILLAFRANCA,

        Defendants-Appellees.
_____

NANCY LEWIS,

        Plaintiff-Appellant,

No. 09-2279
(D.C. No. 6:09-CV-00911-KBM-DJS)
(D. N.M.)

No. 09-2282
(D.C. No. 6:09-CV-00983-JB-LFG)
(D. N.M.)

No. 09-2297
(D.C. No. 6:09-CV-00912-GBW-RLP)
(D. N.M.)

v.

TODD SMALLWOOD; DEKALB
COUNTY PROSECUTOR P.L.
DEWBERRY; DEKALB COUNTY
POLICE OFFICER G.W. FREKLE;
VICKI JACOBS, RN; GALLUP
(NM) COUNTY COMMISSIONERS,

       Defendants-Appellees.
_____

NANCY LEWIS,

       Plaintiff-Appellant,

v.

ALTERNATIVE DINING, INC.,
d/b/a Crescent Moon; GREAT
CENTRAL INSURANCE
COMPANY; THE ARGONAUT
GROUP,

       Defendants-Appellees.
_____

NANCY LEWIS,

       Plaintiff-Appellant,

v.

CAPITAL ONE; GEICO INS. CO.,

       Defendants-Appellees.
_____

NANCY LEWIS,

       Plaintiff-Appellant,

No. 09-2315
(D.C. No. 6:09-CV-00635-WJ-RHS)
(D. N.M.)

No. 10-2004
(D.C. No. 6:09-CV-01065-KBM-DJS)
(D. N.M.)

No. 10-2006
(D.C. No. 6:09-CV-01062-KBM-LAM)
(D. N.M.)

-3-

v.

SAM LEWIS,

Defendant-Appellee.

No. 10-2015
(D.C. No. 6:09-CV-01063-ACT-DJS)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA**, and **BALDOCK**, Circuit Judges.

---

These nine appeals arise from thirteen lawsuits Nancy Lewis filed in the district court. The district court dismissed the cases under 28 U.S.C. §§ 1915(a) and (e)(2)(A) on the ground that Ms. Lewis was not indigent. In appeal Nos. 09-2279, 09-2297, 10-2004, and 10-2015, the court also determined that her claims either failed to state a claim on which relief may be granted or were frivolous. *See id.* § 1915(e)(2)(B). We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM the district court's judgments.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## *Background*

When she filed the first of the suits underlying this appeal in March 2009, Ms. Lewis had a monthly income of $404, with no money in the bank. In May 2009, however, she received approximately $15,000 in past-due Social Security benefits. In addition, when she filed another case in June 2009, she averred that her income was $1,343 per month in Social Security and unemployment benefits, with payments of $869. Nevertheless, the district court granted her leave to proceed IFP in the June case and in three more suits that she filed in July 2009.

The district court consolidated the three July cases with the March case. Having noticed that her July affidavits revealed she had more resources than when she filed the March case, the court stated it "apparently inadvertently and improperly granted her IFP motions" in the July cases. No. 09-2275, Record on Appeal at 32. The court ordered Ms. Lewis to show cause why the court should not deny her motion to proceed IFP in the March case and should not vacate the grants of IFP status in the July cases. Ms. Lewis responded, stating that she still had $3,500 of the $15,000 but arguing that her income did not exceed 150 percent of poverty guidelines, she needed to keep some funds for "escape money," and she needed to help "deserving others," such as her disabled son and a friend. *Id.* at 36, 38. The court concluded that she "has sufficient funds to pay both for the necessities of life and for those lawsuits that she deems important, and that her allegation of poverty does not accurately characterize her situation." *Id.* at 59.

Similarly, another district judge handling the June case vacated the grant of IFP and dismissed that case because Ms. Lewis was not indigent.

In the meantime, Ms. Lewis had filed two new cases in September 2009 and two more in October 2009, moving to proceed IFP in each case. Even after the court dismissed the March and July cases, ordering her to pay her filing fees, she commenced three more actions in November 2009 and again moved in each case to proceed IFP. Concluding in each of the September, October, and November suits that she was not indigent, the district court denied her IFP status. In four of the cases, the court also concluded that Ms. Lewis failed to state a claim upon which relief could be granted or her allegations were frivolous. The district court also denied Ms. Lewis leave to proceed IFP on appeal in every case.

*Analysis*

## I. Denial of IFP Status on Appeal

In each appeal, Ms. Lewis moves this court to allow her to proceed IFP. It is within the court's discretion whether or not to grant a civil litigant leave to proceed IFP. *See* 28 U.S.C. § 1915(a). In order to proceed IFP on appeal, "an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Like the district court, we acknowledge that Ms. Lewis is not wealthy, but we conclude that she has sufficient financial resources to pay filing fees. In the first appeal, No. 09-2275, she asserted that she had income of $1,352 per month and $1,445 in bank accounts, with payments of $1,247 per month. Thus, she had some discretionary money with which to pay filing fees. We recognize that her financial situation had changed somewhat for the worse by the time she filed the most recent appeal, No. 10-2015. While her income was $1,324 per month, her payments allegedly had increased to $1,579. But she still had nearly $1,000 in the bank, and it appears that some of her monthly expenses could be reduced if she so chose. The reasons for her spending do not alter the fact that she could pay a filing fee. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003). Thus, in exercising our discretion, we are not persuaded to allow her to proceed IFP on appeal.

In addition, in appeal nos. 09-2279, 09-2297, 10-2004, and 10-2015, the district court concluded that her claims also failed under § 1915(e)(2)(B) because they failed to state a claim or were frivolous. With regard to several of the issues involved in those appeals, Ms. Lewis fails to make on appeal a reasoned, nonfrivolous argument on the law and the facts. That is another reason to deny her leave to proceed IFP in those appeals.

The motions to proceed IFP are DENIED, and Ms. Lewis is directed to pay the filing fees for her appeals.

**II.    District Court's Denial of IFP Status for Inability to Show Poverty**

Despite having denied leave to proceed IFP on appeal, we may (and do) elect to reach the merits of the appeals (i.e., the propriety of the district court's denials of IFP status) because payment of filing fees is not a jurisdictional limitation.  *See* Fed. R. App. P. 3(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal.").  The denial of a motion to proceed IFP is an appealable order.  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310-11 (10th Cir. 2005).  The standard of review of an IFP denial based on financial status is abuse of discretion.  *See id.* at 1312.

As on appeal, a plaintiff seeking to proceed IFP before the district court must show "a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised in the action."  *Id.*  In all of the cases, the district court concluded that Ms. Lewis had sufficient financial resources to pay her filing fees, requiring dismissal of the actions.  *See* 28 U.S.C. § 1915(e)(2)(A).  These determinations were not an abuse of discretion.  One need not be "absolutely destitute" to proceed IFP, but IFP need not be granted where one can pay or give security for the costs "and still be able to provide [her]self and dependents with the necessities of life."  *Adkins v. E. I. DuPont De Nemours & Co.*, 335 U.S. 331,

-8-

339 (1948) (quotations omitted). As the district court concluded, although Ms. Lewis's income was not large, it allowed her some discretionary spending money. In May 2009 she received a lump-sum payment of past-due Social Security benefits. The filings in the various district court cases and appeals show that she spent a good portion of these funds, but she retained a significant portion of them through the summer and fall of 2009, even while she sought to proceed IFP in her ever-increasing number of lawsuits. Ms. Lewis insists that her money went toward worthy projects, but the reasons for her spending do not change the fact that, at least as early as May 2009, she had sufficient resources to pay her filing fees. *See Cosby*, 351 F.3d at 1327.

Ms. Lewis also argues that the district court should not be permitted to revoke IFP status after having granted it, because once the court granted her motions, she felt that she was able to use her available funds for other needs. We have held, however, that "[l]eave to proceed without prepayment of fees and costs is a privilege, not a right. Courts have the discretion to revoke that privilege when it no longer serves its goals." *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (citation omitted). "[W]hen a litigant's financial condition improves during the course of the litigation, the district court may require him or her to pay fees and costs." *Id.*; *see also Olson v. Coleman*, 997 F.2d 726, 728 (10th Cir. 1993) (holding that a grant of IFP status did not preclude assessing costs at the

conclusion of a frivolous appeal).  The court did not err in reviewing Ms. Lewis's

improved financial means and in revoking the prior grant of IFP status.

The district court's determination that dismissal was required under

§ 1915(e)(2)(A) in each of these cases is AFFIRMED.

**III.    District Court's Denial of IFP Status for Failure to State a Claim**

In four of the cases, the district court also denied IFP status because the

claims Ms. Lewis sought to assert either failed to state a claim upon which relief

can be granted or were frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).  Our review is

de novo where the district court determined Ms. Lewis failed to state a claim,

*Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999), and for abuse

of discretion where the district court determined a claim was frivolous, *Denton v.

Hernandez*, 504 U.S. 25, 33 (1992).  The Supreme Court recently held:

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to state a claim to relief that is
> plausible on its face.  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged.  The plausibility standard is not akin to a probability
> requirement, but it asks for more than a sheer possibility that a
> defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted).  "[A]

complaint, containing as it does both factual allegations and legal conclusions, is

frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). Frivolity "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

### A. No. 09-2279

In appeal No. 09-2279, Ms. Lewis complained that she was deprived of property without due process when she was not given any teaching appointments for the 2008-09 school year at Northern New Mexico College. The district court held that the complaint "states no facts indicating that any of the Defendants intentionally violated her constitutional rights." No. 09-2279 Record on Appeal at 16. We agree that the complaint failed to describe sufficient facts to state a claim for a violation of Ms. Lewis's rights by any of the defendants. Particularly, the complaint contained insufficient facts to establish that Ms. Lewis possessed an interest protected by the Fourteenth Amendment's Due Process Clause, what process allegedly was due, or how any defendant acted outside of such process. Accordingly, we affirm the court's alternate dismissal under § 1915(e)(2)(B) in district court case No. 6:09-CV-00911-KBM-DJS.

### B. No. 09-2297

In appeal No. 09-2297, Ms. Lewis asserted that a state employee, assisted by her landlord's son, extorted money from Ms. Lewis's daughter to pay Ms. Lewis's rent. The district court held that the allegations failed to show a violation of a constitutional right. Further, the court stated, even if they did, the claims would belong to third parties (such as Ms. Lewis's daughter), who could

-11-

not appear in court through Ms. Lewis, a non-attorney. Finally, the court noted that the complaint against the landlord's son was frivolous because it offered insufficient facts to conclude that he was a state actor or otherwise liable under § 1983. We agree with all of these conclusions and affirm the dismissal under § 1915(e)(2)(B) of district court case 6:09-CV-00912-GBW-RLP for substantially the reasons stated by the district court in its order dated November 20, 2009.

### C. No. 10-2004

In appeal No. 10-2004, Ms. Lewis sued a Georgia restaurant and its insurers for damage her teeth allegedly suffered from biting a piece of plastic in her food. The district court held that Ms. Lewis had failed to establish personal jurisdiction and venue, and that she had failed to show she had standing to sue the insurers.

The district court may properly consider personal jurisdiction and venue on a § 1915 screening "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quotation omitted). Ms. Lewis argues that personal jurisdiction and venue are appropriate because the effects of the restaurant's negligence and the insurers' denial of coverage have occurred and been felt in New Mexico.

New Mexico's long-arm statute is coextensive with the limitations of the Due Process Clause. *See id.* Under that clause, a "court may exercise personal

-12-

jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). "The 'minimum contacts' standard may be met in two ways"; first, by showing that the defendant "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities" (specific jurisdiction), or second, by showing that the defendant has "continuous and systemic general business contacts" with the forum state (general jurisdiction). *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090-91 (10th Cir. 1998) (quotations omitted).

The complaint contains insufficient facts to establish either specific or general personal jurisdiction over the defendants. According to the complaint, the alleged negligence and resulting physical injuries occurred in Georgia. There are no facts to support an inference that either the restaurant or its insurers purposefully directed any activities toward New Mexico, beyond the insurers' responses to Ms. Lewis's communications, or that they had any continuous and systemic general business contacts with New Mexico. Essentially, New Mexico is involved only because Ms. Lewis resettled there. These circumstances do not tend to show the defendants are subject to personal jurisdiction in the District of New Mexico. *See Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1420 (10th Cir. 1988); *see also World-Wide Volkswagen Corp.*, 444 U.S. at 298 ("[T]he mere

-13-

unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." (quotation omitted)). Further, because the facts do not establish that any defendant resides in New Mexico, that "a substantial part of the events or omissions giving rise to the claim occurred" in New Mexico, or that any defendant is subject to personal jurisdiction in New Mexico, the complaint fails to show that the District of New Mexico is the appropriate venue to bring this diversity suit. 28 U.S.C. § 1391(a).

In addition, we disagree with Ms. Lewis's contention that New Mexico would permit a direct action against the insurers under these circumstances. Even where the New Mexico Supreme Court has allowed a third party to bring a direct action against an insurer, it has required that such suits "only be filed *after* the conclusion of the underlying negligence litigation, and *after* there has been a judicial determination of fault in favor of the third party and against the insured." *Hovet v. Allstate Ins. Co.*, 89 P.3d 69, 76 (N.M. 2004); *see also id.* ("[A] third-party claimant may not sue both the insured and the insurer in the same lawsuit."); *King v. Allstate Ins. Co.*, 159 P.3d 261, 265 (N.M. App. 2007) ("For a third party claim against an insurer to state a claim, the plaintiff must state as a matter of fact that liability has been judicially determined."). Because Ms. Lewis's complaint brought claims against both insured and insurers, and it

does not allege facts showing any judicial determination of the restaurant's liability, it fails to state a claim against the insurers.

The district court's alternate dismissal under § 1915(e)(2)(B) of district court case number 6:09-CV-01065-KBM-DJS is AFFIRMED.

## D.    No. 10-2015

Finally, in appeal No. 10-2015, Ms. Lewis sued one of her brothers, a resident of Pennsylvania, for fraud and theft for not turning over to her the proceeds of a life insurance policy after her father's death in 1987. She stated that she knew about the insurance policy before her father's death, but put the issue out of her mind. She further stated that it was only recently that, in communications with her deceased father, he urged her to sue her brother. "Though statutes of limitations might come into play, Plaintiff argues that Earth time stopped for her father upon his death, and so his last wishes, trampled on by his so-called son, should be considered at this time, belatedly." No. 10-2015, Record on Appeal at 5. The district court held that

> her arguments that she should be able to bring suit in New Mexico against a defendant over whom this Court clearly does not have personal jurisdiction and regarding a Pennsylvania probate issue twenty-two years after her father's death, while knowing all along that her father could have had an insurance policy for which she was the beneficiary is frivolous and far beyond the statute of limitations.

*Id.* at 16.

As in No. 10-2004, there is no indication in the complaint that Ms. Lewis's brother had minimum contacts with New Mexico sufficient to create personal jurisdiction. Ms. Lewis's arguments to the contrary all stem from the fact that she resides in New Mexico, which under these circumstances, is insufficient to create personal jurisdiction over the defendant. *See Rambo*, 839 F.2d at 1420.

The district court's alternate dismissal under § 1915(e)(2)(B) of district court case number 6:09-CV-01063-ACT-DJS is AFFIRMED.

### *Conclusion*

Like the district court, we are concerned that Ms. Lewis has become an abusive litigant. She is warned that she cannot continue filing federal actions without paying any regard to fundamental considerations such as adequately pleading each element of the cause of action, personal jurisdiction, and venue. She further is warned that any future abusive conduct may result in the imposition of sanctions.

The judgments of the district court are AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge