**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NANCY LEWIS,

Plaintiff-Appellant,

v.

BURGER KING, Llano Street, Santa
Fe,

Defendant-Appellee.

No. 10-2072
(D.C. No. 6:09-CV-00703-DJS-RHS)
(D. N.M.)

**ORDER AND JUDGMENT***

Before **TACHA**, **LUCERO**, and **MURPHY**, Circuit Judges.

Nancy Lewis appeals from the district court's denial of her motion to

proceed in forma pauperis (IFP), its dismissal of her action with prejudice on the

ground that it had become moot, and its denial of her motion for reconsideration.

She also seeks to proceed IFP on appeal. Because her appellate arguments are

frivolous, we deny IFP and dismiss this appeal.

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

On July 20, 2009, Ms. Lewis brought a claim under Title III of the Americans with Disabilities Act (ADA), which proscribes discrimination against the disabled in public accommodations, 42 U.S.C. § 12182(a). She alleged that on two occasions, employees at defendant Burger King's Llano Street restaurant in Santa Fe, New Mexico, asked her to remove her dog, Lady Brown Dog the Enforcer, from its restaurant. Ms. Lewis alleged that she was disabled due to severe sciatica and that Lady Brown Dog was a service animal who protected her and assisted her in walking, balancing, and avoiding obstacles. She sought monetary damages and declaratory and injunctive relief.

Exercising its screening function under 28 U.S.C. § 1915(e)(2), the district court granted IFP status and dismissed the complaint. We affirmed the dismissal of the damages claims but reversed and remanded for further proceedings on Ms. Lewis's claims for declaratory and injunctive relief. *Lewis v. Burger King*, 361 F. App'x 937, 938 & n.1 (10th Cir. 2010).[1] On remand, the district court, took judicial notice of her filings in other cases she had brought in the same judicial district that indicated she had sufficient funds to pay for both the

---

[1] Ms. Lewis also appealed the dismissal of another, nearly identical case against a different Burger King restaurant in Santa Fe. We affirmed the dismissal with prejudice of those claims brought on behalf of Lady Brown Dog and vacated the dismissal of her personal claims and remanded with instructions to dismiss those claims without prejudice. *See Lewis v. Burger King*, 344 F. App'x 470, 472-73 (10th Cir. 2009).

necessities of life and her filing fee at the time she filed her complaint in this case in July 2009.[2] The court therefore denied IFP status and ordered dismissal of the case. The court also concluded that the dismissal should be with prejudice because it was clear from a filing in one of the other cases that Lady Brown Dog had died several months earlier, in October 2009, which mooted this case, stripped her of standing, and rendered amendment futile.

Lewis then filed a proposed amended IFP application, a combined motion for reconsideration and amendment, and a proposed amended complaint. She alleged that she had gotten a new dog whom she was training as a service dog, and therefore the case was not moot because she was likely to be subject to the same alleged discrimination if she were to take the new dog to the Burger King restaurant. The district court struck the proposed amended IFP application on the ground that it contained obvious fraud. To the extent the combined motion sought reconsideration, the court considered it as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and denied it. The court reasoned that it was entirely speculative whether the new dog would ever be a service dog within the meaning of the ADA, as Ms. Lewis had stated the dog was barely out of puppyhood, required much more training than her former dog, and was sensitive

---

[2] We affirmed the dismissal of Ms. Lewis's other suits, one of which was against Burger King. *See Lewis v. Ctr. Mkt.*, Nos. 09-2275, 09-2278, 09-2279, 09-2282, 09-2297, 09-2315, 10-2004, 10-2006, 10-2015, 2010 WL 1948881 (10th Cir. May 17, 2010).

to insults because of prior abuse.  And the court refused to consider amendment because Ms. Lewis had not paid the filing fee and she failed to attach a copy of the proposed amended complaint to her motion, as required by local court rule. The court also denied her motion to proceed IFP on appeal because she had again made false statements on her financial affidavit and because her appeal was not taken in good faith.

### Discussion

In her appellate brief, Ms. Lewis argues that the two dogs were, like wheelchairs, an interchangeable component of her claim and therefore her case did not become moot upon the death of Lady Brown Dog.  We view this as a challenge to the district court's denial of her Rule 59(e) motion, which we review for an abuse of discretion, *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008).  Even with the liberal construction afforded to pro se filings, *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we conclude this argument is frivolous.  To begin, the district court's dismissal of the action as moot with respect to the former dog was proper, as a declaration and prospective injunction regarding the former dog could no longer have an "effect in the real world," *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999) (quotation omitted), which is the touchstone of mootness.[3]  In order to prevail on

---

[3]     We note that, because the district court's dismissal was based on a jurisdictional ground—mootness—its dismissal should have been without

(continued...)

her claim for prospective relief regarding the new dog, Ms. Lewis would have to show, among other things, that the new dog is a service animal under the ADA. But in her motion for reconsideration, she admitted that the new dog was still in training and not a service dog, and at that point in time, it was entirely speculative whether the new dog would become a service dog. Thus, unlike wheelchairs, the dogs are not interchangeable parts of her ADA claim, and her acquisition of the new dog did not overcome mootness.

Moreover, her argument is not aided by 42 U.S.C. § 12188(a)(1), an ADA statute she referenced in her motion for reconsideration, that in relevant part provides: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions." Ms. Lewis's admission that the new dog is not a service animal under the ADA fatally undermines any argument that she has actual notice that defendant does not intend to comply with the ADA regarding the new dog. And although "[a]n exception to mootness exists when (1) the duration of the

_____

[3](...continued)
prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-17 (10th Cir. 2006) (recognizing established rule that "where the district court dismisses for lack of jurisdiction . . ., the dismissal must be without prejudice" because a court without jurisdiction lacks power "to make any determination of the merits of the underlying claim"). But we need not be concerned with this issue because the district court concluded that amendment would be futile, we are dismissing this appeal as frivolous, and Ms. Lewis disputes only the fact of dismissal, not that the dismissal was with prejudice.

challenged conduct is too short to be fully litigated prior to its expiration, and (2) there is a reasonable expectation that the complaining party will be subjected to the same conduct again," *Wyoming v. U.S. Dep't of Agric.*, 414 F.3d 1207, 1212 (10th Cir. 2005), the exception does not apply here. Because Ms. Lewis's new dog was not a service dog at the time she filed her motion for reconsideration and amendment, she had no reasonable expectation that defendant will treat her as it allegedly did in the past. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (recognizing that the possibility of recurrence must be more than theoretical).

Ms. Lewis also takes issue with the district court's handling of her IFP applications. Our review is for abuse of discretion. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Ms. Lewis appears to contend only that the court should have granted her leave to proceed IFP based on her proposed amended application, filed in March 2010, because it showed she was then indigent. Aside from the fact that her argument is not well-formed and fails to challenge the district court's finding that her proposed amended application contained fraudulent statements, it is wholly irrelevant to the district court's denial of IFP and therefore frivolous. At no point, either in the district court or in this court, has Ms. Lewis challenged the district court's determination that she was not indigent at the time she filed her original IFP application in July 2009. Nonetheless, we remind Ms. Lewis that "[l]eave to proceed [IFP] is a privilege, not a right. Courts have the discretion to revoke that privilege when it no longer

serves its goals." *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (citation omitted). For example, a court can require a litigant to pay fees and costs after an initial grant of IFP "when a litigant's financial condition improves during the course of the litigation." *Id.* It therefore follows that a court can revoke a grant of IFP if it later appears that the litigant had sufficient funds at the time she filed her complaint. But it does <u>not</u> follow that a court must grant IFP to a litigant who had sufficient funds to pay the filing fee at the commencement of litigation but later becomes indigent. Accordingly, the district court did not abuse its discretion in refusing to grant Ms. Lewis leave to proceed IFP on the ground, unchallenged on appeal, that she was not indigent when she filed her initial IFP application, and her argument to the contrary is frivolous.

## Conclusion

For the foregoing reasons, we conclude that this appeal is frivolous. We therefore DENY Ms. Lewis's IFP application and DISMISS this appeal. *See* 28 U.S.C. § 1915(e)(2)(B)(i). We remind Ms. Lewis that she remains obligated to pay her appellate filing fee.

Entered for the Court


Michael R. Murphy
Circuit Judge

-7-